CV 06 2158

# UNITED STATE DISTRICT COURT
## For the Eastern District of NY

Sun-Ming Sheu
Ming-Chien Hsu                    Plaintiffs

ROSS, J.

                                    Case number
                                    Jury trial Demanded
              Vs
State of New York

Justice of NY State Unified Court, Chief Administration judge
Hon Jonathan Lippman in his official capacity

Justice of the Supreme Court of The State of NY,
Queens County,
Joseph G Golia
**individually and in his official capacity**
                    **Defendants**

---

## Jurisdiction  Venue

1.       Plaintiffs brings this action  pursuant to  U.S. Code  title
42§21,1981 and **US Code 28 §455** and US code 28 § 144 **and US Code
28,Rule 38**

### Statement of equal rights
All persons within the jurisdiction of the United States shall have the
same right in every State and Territory to make and enforce contracts,
to sue, be parties, give evidence, and to the full and equal benefit of
all laws and proceedings for the security of persons and property as is
enjoyed by white citizens, and shall be subject to like punishment,
pains, penalties, taxes, licenses, and exactions of every kind, and to
no other.

2.       US Code 28 § 455. Disqualification of justice,judge or magistrate
judge
      (a) Any justice ,judge,or magistrate judge of the United State shall
          disqualify himself in any proceeding in which his impartiality
          might reasonably be questioned
      (b) He shall also disqualify himself in the follosing circumstances:
          (1) Where he has a personal bias or prejudice concerning a party,or
          personal knowledge of dispuded evidentiary facts concerning the
          proceeding.

3.       US code 28 § 144. Bias or prejudice of judge
Whenever a party to any proceeding in a district court makes and files a
timely and sufficient affidavit that the judge before whom the matter is
pending has a personal bias or prejudice either against him or in favor of any
adverse party, such judge shall proceed no further therein, but another judge
shall be assigned to hear such proceeding.

**4.       US Code 28,Rule 38 Jury Trial of right.**

   **(a)** Right Preserved. The right of trial by jury as declared by the Seventh
Amendment to the Constitution or as given by a statute of the United States
shall be preserved to the parties inviolate.
   **(b)** Demand. Any party may demand a trial by jury of any issue triable of
right by a jury.

for Defendants violations of certain protections guaranteed  by the  federal
Constitution.

5        Defendants New York State government and NY "State offiicier"

NY state Chief administration judge Hon Jonsaon Lippton and a elected

judge Joseph G Golia ,NYS Supreme court ,Queens county.

      The U.S. Supreme Court, in Scheuer v. Rhodes, 416 U.S. 232, 94
S.Ct. 1683, 1687 (1974) stated that "when a state officer acts under a state
law in a manner violative of the Federal Constitution, he "comes into
conflict with the superior authority of that Constitution, and he is in that case
stripped of his official or representative character and is subjected in his
person to the consequences of his individual conduct. The State has no
power to impart to him any immunity from responsibility to the supreme
authority of the United States." [Emphasis supplied in original]. By law, a
judge is a state officer.  The judge then acts not as a judge, but as a private
individual (in his person).

     It's comman sense ,All people are born free and equal and

have certain natural, essential and unalienable rights; among which may be

reckoned the right of enjoying and defending their lives and liberties; that of

acquiring, possessing and protecting property; in fine, that of seeking and

obtaining their safety and happiness.  Equality under the law shall not be

denied or abridged because of sex, race, color, creed or national origin.

**<u>No any court or judge  has authority to strip off anybody's right</u>**

**<u>of  trial by jury as declared by the Seventh Amendment of</u>**

**<u>the Constitution</u>**

## Statement of the facts

## Personal  Bias and  Discrimination of crime victim

## Bias and discrimination before 3/26//2005

6        Plaintiffs Sun-Ming Sheu and Ming-Chien Hsu are

brothers,victims of  a mortgage fraud scheme,Pro Se. duly  sworn and

states:  We hired a mortgage broker to re-finance in 1999 ,but the mortgage

broker and the bank's  closing lawyer committed a  mortgage fraud scheme

to steal money from the bank and steal Plaintiff's house title in 45-14

158 St, Flushing,NY 11358 at a phony closing in 5/23/2000. At the phony

closing the bank's closing lawyer  paid criminal money to  some 3rd  parites

that unrelated  to Plainitiffs and kept some money for himself, then

fraudulent conveyance of  our property title  to a 'fake identity".

        "The neutrality requirement helps to guarantee that life,liberty or

property will not be taken on the basis of a erroneous or distorted conception

of the fact of the law"

466 US 238,242S.Ct.1610,64L.Ed.2d 182(1980)

7        Plaintiffs  filed report to NYPD and NY District attorney in

6/19/2000.After got NYPD incident report,Plainitffs notified the bank to

stop record the deed to NY City register to  the fake identity right away(the

bank still fraudulent converyance  to  the fake identity in 1/21/2001) .

Plaintiff  help requested the 3rd party "Midwest Fianncail"(a collection

agent) that received some criminal money as our "mortgage" (the amount

"looks like" our mortgage amount ,but not right amount that we owe to

Chase Bank of Texas)to return criminal money to the bank right away.

Planitiffs also  requested   the bank to file criminal complaint to get stolen

money back many  times and most important,Plaintiff strongly refused to

accept any criminal monay as our mortgage payment .


8        The bank applied a non-payment "summary judgment " to

NYS Supreme court in 1/9/2001 based on false statement  on  affidavits and

fake mortgage documents ,the case was assigned to Defendant Justice

Golia.

## " Why don't you hired a "American lawyer" ?

9        Plaintiff submitted NYPD incident reports and beyond

reasonable doubt  evidence to Defendant Justice Golia  to prove it was a

mortgage fraud scheam,but he intentiaonally overlook overwhelming

evidence and insist "no evidence to support fraud",then proceeding

to foreclosure our house in 7/24/2004 without any trial.

So,Plaintiffs applied emergency TRO  to stop Justice Golia 's wrongdoing.

There are two other  judges signed TRO for Plaintiffs, Justice Jaime Rios

signed TRO for Plaintiffs and asked "Why do'nt you hired a "American

lawyer " to dealing with Justice Golia ? ?


10       **Plaintiffs  demand for a jury trial many times**

**and request recuse  in 12/30/2004 frist time,Defendant Justice  Goila**

**denied in 3/23/2005 and order to foreclosure again in 3/23/2005 without**

**trial again** .So, Plaintiffs fieled complaint about his  bias and prejudice to

Chief Administration judge  Justice Lippman and Inspect General of

Bias,NY Unified court and Queesn Supreme Court administration judge in

3/26/2005.

## **Defendant Justice Golia falsify entries in the court record to cover up wrongdoing**

11      After Plaintiffs filed complaint to Chief Administration judge,

Defendant Justice Golia "back date" "delete" the 3/23/2005 foreclosure

order in 4/1/2005 from Queens County clerk office computer record and

enter a new "back dated" order . At this new order ,he order to have a

hearing and and stayed foreclosure. The only purpose of falsifying

entries in the court  records is to cover up  his  wrongdoing**.. At any**

**rate,To file a complaint to Chief Administration judge to get a "hearing**

**"is not a "normal" procedure and it's  not  "equal".**

12      In the mean while  Chief Administration judge sent  a court

security  to do investigation ,**The Police  told us outside  Deflendat**

**Justice Golia's court room,"Don't file complaint again,give you a**

**hearing"** .**Apparently,it's very serious bias and discrimination,why**

**Plainitff need to waiting for over 3 years and file complaint to Chief**

**administration judge and Inspect  General of Bias to get a  "hearing" ?**

**Why Plaintiff could not get a jury trial that guaranteed by federal**

**constitution**  ?

13.     The test for determining whether recusal is an appropriate
remedy is an objectiveone. Under this standard, a judge should recuse him or
herself when it would appear to areasonable person, knowing all the relevant
facts, that a judge's impartiality might reasonably be
questioned. *See* Liteky v. U.S., *supra*; Liljeberg v. Health Servs. Acquisition
Corp., 486 U.S.
847 (1988); US v. Winston, 613 F.2d 221 (9th Cir. 1980); Davis, 517 F.2d at
1052

## Bias and discrimination after 3/26/2005
## "Impartiality reasonable be questioned"

14      Defendant Justice Golia's  personal bias and prejudice about

Plaintiffs  misleading himself to spent over three years to realize crime

had happened in 5/23/2000. After Plaintiff filed complaint to Chief

Administration judge,Justice Golia acturally acting more hostile and try to

intimidate ,harass and punish Plaintiffs ,he is very unhappy that

he was forced to have a hearing by Chief administration judge Hon Lippton.

## Defendant Justice Golia  free any penny of judgment on the  criminals that committed this crime.

15        After the hearing,Defendant Justice Golia free any penny

of judgment on the criminals that committed this crime. A  judge

should be faithful to the law and maintain professional competence in it and

must avoid all impropriety and appearance of impropriety. Defendant

Justice Golia order  to double victimize  Plaintiffs  by adding on  a

"equitable mortgage" that credit charged by the criminals .So,

except original mortgage with the  lender Chase Bank of Texas,Plaintiffs

also got one more debet and  property need to  face foreclosure right away.


## Persoanl Bias and Prejudice about the facts

16        The only official record in NYC Register showing Pliantiff's

lender is Chase Bank of Texas ,not Midwest Financial or SMI Mortgage and

the mortgage still open 'never been paid off  until today 5/6/2006.Midwest

Financial(a collection agent) got criminal money and run away  never

recorded "Satisfication of mortgage" in NY City register and Chase Bank of

Texas never recorded"Satisfication of mortgage",too.

17.       Justice Golia insist Plaintiff's former lender SMI Mortgage has

been "paid off" in his 3/15/2006 decission and 4/24/2006 order ,but the

crime happened in 5/23/2000 and before the crime happened the mortgage

had assigned to Chase bank of Texas since 3/1/1999 and at the phony

closing the criminals paid some stolen money to Midwest Fiancial,not

to Plaintiff's lender Chase Bank of Texas or former lender SMI Mortgage

,also both Chase Bank of Texas and SMI Mortgage never recorded any

"Satisfication of mortgage" in NY City Register at all.


18.       It sets forth the origins of the court's bias: a extrajudicial
episode and prior association . US V Zagarie,419F,Supp.494(No.
Dis.Cal.1976) and documents with particularity the manifestation of bias as
reflected in the current proceeding.


19.       A such, and for purpose of Section 144 of Title 28,the
allegations of a certified affidavit must be accepted by the court as true, and
the court must act in accordance with the mandate of 144 and recuse itself.
US. V. Skyes,7 F,3d 13331(7th Cir,1993)

## Bias and prejudice of applicable laws
## Absuse authority to legalize criminal money

20.    Pursuant to NY Penal code 218.50 Unlawful disposition of asset
subject to forefeiture only ,all stolen money from the bank,subject to
forefeiture  from all  the parties that received criminal money only,not
to legalize criminal money to become the crime victim's debt and force the
crime victim to accept "paid off" by criminal money and  foreclosure the
returning stolen property at the same time.


21     Pursuant to **NYS Crime victim's Bill of right"restores the**
**victims to the financial position he/she was at before the crime was**
**committed.** Plaintiff's property was not under foreclosure sales before crime
committed at all. Plaintiffs have done our best after crime happened to
notified the bank to get the stolen money back from all 3rd parties and
should not liable for any loss of the bank,meanwhile,Plaintiffs also loss
house titile to a fake identity,because the bank fraudulent converyance  to
record property to the fake identity in 1/21/2001).Furthermore,the bank's
lawyer conspired and involved in this mortgage fraud scheme,too.

22.      A  judge should be faithful to the law and maintain professional

competence in it and  must avoid all impropriety and appearance of

*Impropriety. Pursuant to US Code 28§ 455 (a)* **Justice Golia's impartiality**

**is not only "reasonable be questioned", but beyond reasonable doubt,his**

**ability to carry out judicial responsibilities with integrity, impartiality**

**and Competence is too bad,but he refuses to recuse again  and refuse**

**to jury trial again and again..**


## Defendant Justice Golia's persoanl Bias and Prejudice


23.      **Defendant Justice Golia  denied "recuse" before Plaintiffs**

**submit motion to request recuse in his 3/20/2006 decision and order**.

So,Plaintiffs  submit motion in 4/3/2006  and 4/13/2006 to request

recuse ,but  Defendant Justice intentionally order to proceeding  to

foreclosure our house in 4/24/2006 without trial  again and return the other

motion for recuse again in 4/25/2006,  because of "Caption not right".

 **The recuse motion has been filed " at the earliest possible**
**moment after obtaining the facts demonstrating a bias for recusal"**
**See US v. Occhipinti,851 F. Supp.523,567(So.Dist,NY 1993)**

**As such,and for purpose of Section 144 of Title 28,the allegations of a certified affidavit must be accepted by the court as true,and the court must act in accordance with the mandate of Section 144 to recuse itself.    U.S.v Skyes,7F,3d 1331(7th Cir,1993)**

US Code 28§ 455 (a) Any Justice, judge, or magistrate judge of the United State shall disqualify himself in any proceeding in which his impartiality might reasonable be questioned.

   (c) He shall also disqualify himself in the following circumstance:
(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. US Code 28§455 (a) Any Justice, judge, or magistrate judge of the United State shall disqualify himself in any proceeding in which his impartiality might reasonable be questioned.

## Defendant Justice Golia's Personal Bias of law of facts

24.    US code TITLE 28 App. > FEDERAL > VI. > Rule 38     The right of trial by jury

   **(a)** Right Preserved. The right of trial by jury as declared by the Seventh
   Amendment to the Constitution or as given by a statute of the United States shall
   be preserved to the parties inviolate.
   **(b)** Demand. Any party may demand a trial by jury of any issue triable of right by   a jury by

**25.** **.** US code TITLE 28 > PART I > CHAPTER 5 > § 144

§ 144. Bias or prejudice of judge

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for

**26.** US code TITLE 28 > PART I > CHAPTER 21 > § 455
Disqualification of justice, judge, or magistrate judge
(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in **which his impartiality might reasonably be questioned.**
(b) He shall also disqualify himself in the following circumstances:
(1) **Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;**

## 27.    NYS CRIME VICTIM'S BILL OF RIGHTS

### Property Return

- Pursuant to Executive Law 642(3), a victim's property held for evidentiary purposes must be promptly returned, unless there is a compelling reason relating to trial for retaining it.

### Restitution and Reparation

- In addition to compensation from the Crime Victims Board, victims should be informed of their right to seek restitution and reparation as provided under ?60.27 of the Penal Law. **Restitution restores the victim to the financial position he/she was at before the crime was committed; reparation is payment to the victim for damages caused by the crime.**

### Creditor Intercession /Employer Services

Under Executive Law642(4), crime victims, who suffer from financial instability as a result of the crime, may request law enforcement agencies to explain to creditors about the nature of the crime as well as the extent of loss or injury suffered that has prevented them from me

28.    NY State Constitution ,Bill of Right

Section 2. **Trial by jury in all cases in which it has heretofore been guaranteed by constitution shall remain inviolate forever**.

Section 11, No person shall be denied the equal protection of the laws of this state or any subdivision thereof. No person shall, because of race, color, or religion, be subject to  discrimination in his civil rights by any other person or by any firm,corporation or institution or by the state or any agency or subdivision of the sate.

29.      NY State ,Real Property law,Chap 52/9
   "Recording instruments affecting property".NY City register is the  one
governemt official  record of deed.

30.      NY Penal code 218.50 Unlawful disposition of asset subject to
forefeiture and Executive Law 642(3), a victim's property held for
evidentiary purposes must be promptly returned.


   **Wherefore plaintiffs pray this Court issue equitable relief as
following:**

1.   **Issue declaratory relief as this Court deems appropriate just.**

2.   **Issue injunctive relief commanding defendant Justice Golia**

      **Pursuant to US Code28 §455  to recuse himself.**

3.   **Issue injunctive relief commanding defendant NY  Unified court**

      **Chief  Administration judge Pursuant to US Code 28§144 to assign**

      **the other judge  and US code 28§38 to restore Plaintiffs's federal**

      **constitution right of jury trial.**

4.   **Issue injunctive relief commanding defendant State of NY to**

      **Pursuant to  US  constitution to protect and restore Plaintiffs's**

      **constitution  right of jury trial.**

45-14 158 Street          Sun-Ming Sheu
Flushing,NY 11358        Ming-Chien Hsu
(718)762-3619
5/6 2006.

*Evidence about fraud from Qunees Criminal Court*

Q05605413,Q05605405

CRIMINAL COURT OF THE CITY OF NY
PART APAR   COUNTY OF QUEENS

---

THE PEOPLE OF THE STATE OF NEW YORK

v.

JIN RONG WANG   (AKA AMY CHENG)
JING GAO

DEFENDANTS

STATE OF NEW YORK
COUNTY OF QUEENS

---

DETECTIVE KEITH NG OF QRS, SHIELD 4280, TAX REG# 890637, BEING DULY SWORN, DEPOSES AND SAYS THAT ON OR ABOUT FEBRUARY 28 2000 AT ABOUT 12:00 PM AT 45-14 158TH STREET, BETWEEN FEBRUARY 11, 2000 AND JANUARY 10, 2001, COUNTY OF QUEENS, STATE OF NEW YORK,

THE DEFENDANTS COMMITTED THE OFFENSES OF:
PL 155.40-1 GRAND LARCENY IN THE SECOND DEGREE
PL 170.25 CRIMINAL POSSESSION OF A FORGED INSTRUMENT SECOND DEGREE
PL 190.65-1B SCHEME TO DEFRAUD IN THE FIRST DEGREE
PL 175.30 OFFERING A FALSE INSTRUMENT FOR FILING IN THE SECOND DEGREE
PL 175.05-1 FALSIFYING BUSINESS RECORDS IN THE SECOND DEGREE

IN THAT THE DEFENDANTS, ACTING IN CONCERT, DID:   KNOWINGLY AND UNLAWFULLY STEAL PROPERTY WITH A VALUE EXCEEDING FIFTY THOUSAND DOLLARS; WITH INTENT TO DEFRAUD, DECEIVE OR INJURE ANOTHER AND WITH KNOWLEDGE THAT THE INSTRUMENT WAS FORGED, UTTER OR POSSESS A FORGED INSTRUMENT OF A KIND SPECIFIED IN SECTION 170.10 OF THE PENAL LAW; ENGAGE IN A SCHEME CONSTITUTING A SYSTEMATIC ONGOING COURSE OF CONDUCT WITH INTENT TO DEFRAUD MORE THAN ONE PERSON OR TO OBTAIN PROPERTY FROM MORE THAN ONE PERSON BY FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS OR PROMISES, AND SO DID OBTAIN PROPERTY WITH A VALUE IN EXCESS OF ONE THOUSAND DOLLARS FROM ONE OR MORE SUCH PERSONS; KNOWING THAT A WRITTEN INSTRUMENT CONTAINED A FALSE STATEMENT OR FALSE INFORMATION, OFFER OR PRESENT IT TO A PUBLIC OFFICE OR PUBLIC SERVANT WITH THE KNOWLEDGE OR BELIEF THAT IT WOULD BE FILED WITH, REGISTERED OR RECORDED IN OR OTHERWISE BECOME A PART OF THE RECORDS OF SUCH PUBLIC OFFICE OR PUBLIC SERVANT; WITH INTENT TO DEFRAUD, MAKE OR CAUSE A FALSE ENTRY IN THE BUSINESS RECORDS OF AN ENTERPRISE;

THE SOURCE OF DEPONENT'S INFORMATION AND THE GROUNDS FOR DEPONENT'S BELIEF ARE AS FOLLOWS:

DEPONENT STATES THAT HE HAS OBTAINED AND REVIEWED A COPY OF A DOCUMENT ENTITLED "DURABLE GENERAL POWER OF ATTORNEY", DATED FEBRUARY 11, 2000, WHICH STATES THAT THE COMPLAINANT MING CHIEN HSU GRANTS THE DEFENDANT JING GAO FULL POWER OF ATTORNEY OVER HIS MATTERS. DEPONENT FURTHER STATES THAT A SIGNATURE PURPORTING TO BE THAT OF COMPLAINANT MING-CHIEN SHU APPEARS ON THE SIGNATURE LINE GRANTING SAID POWER OF

ATTORNEY TO DEFENDANT JING GAO.

DEPONENT FURTHER STATES THAT HE HAS OBTAINED AND REVIEWED A COPY OF A
RESIDENTIAL CONTRACT OF SALE DATED FEBRUARY 28, 2000, WHICH INDICATES THE
SALE OF PROPERTY LOCATED AT 45-14 158TH STREET, COUNTY OF QUEENS AND THAT
SAID CONTRACT OF SALE INDICATES THE SALE OF THE ABOVE-DESCRIBED PROPERTY
FROM SELLER MING CHIEN HSU, TO THE BUYER, DEFENDANTJIN RONG WANG, ALSO
KNOWN AS AMY CHENG. DEPONENT STATES THAT SAID CONTRACT CONTAINS SIGNATURES
OF THE PURPORTED BUYER, AMY CHENG AND THE SELLER'S "ATTORNEY IN FACT",
JING GAO.

DEPONENT FURTHER STATES THAT SAID CONTRACT INDICATES THAT THE RECEIPT OF A
DOWNPAYMENT, WHICH IS IN THE AMOUNT OF $30,000 WAS ACKNOWLEDGED AT THE
TIME THE CONTRACT WAS SIGNED BY BOTH PARTIES.

DEPONENT IS INFORMED BY THE COMPLAINANT, MING CHIEN HSU THAT HE NEVER
SIGNED A POWER OF ATTORNEY FORM WHICH WOULD GIVE THE DEFENDANT JING GAO
POWER OF ATTORNEY OVER HIS MATTERS.

DEPONENT IS FURTHER INFORMED BY THE COMPLAINANT, MING CHIEN HSU, THAT THE
SIGNATURE WHICH APPEARS ON THE DURABLE GENERAL POWER OF ATTORNEY FORM,
WHICH IS PURPORTED TO BE HIS, IS NOT HIS SIGNATURE. DEPONENT IS FURTHER
INFORMED BY THE COMPLAINANT, MING CHIEN HSU, THAT HE DID NOT AUTHORIZE
ANYONE TO SIGN HIS NAME ON THE ABOVE MENTIONED DOCUMENT.

DEPONENT IS INFORMED BY JEFFREY RUAN, ESQ. THAT IN MAY, 2000, HE WAS
RETAINED BY DEFENDANT GAO FOR THE PURPOSE OF REPRESENTING THE SELLER OF
THE ABOVE-MENTIONED PROPERTY AND THAT DEFENDANT GAO SHOWED HIM THE
ABOVE-MENTIONED POWER OF ATTORNEY. DEPONENT IS FURTHER INFORMED BY MR.
RUAN THAT AT SAID TIME HE DID NOT KNOW OR DISCUSS SAID MATTERS WITH MING
CHIEN HSU. DEPONENT IS FURTHER INFORMED BY MR. RUAN THAT ON OR ABOUT MAY
23, 2000, HE WAS PRESENT AT A REAL ESTATE CLOSING FOR THE ABOVE MENTIONED
PROPERTY AS RETAINED COUNSEL FOR THE SELLER BY DEFENDANT GAO AS ATTORNEY
IN FACT FOR COMPLAINANT MING CHIEN HSU. DEPONENT IS FURTHER INFORMED BY
MR. RUAN THAT AT SAID CLOSING, HE OBSERVED DEFENDANT GAO SIGN THE
FOLLOWING ON A BARGAIN AND SALE DEED CONVEYING SAID PROPERTY TO AMY CHENG,
TO WIT:"MING CHEN HSU BY JING GAO, ATTORNEY IN FACT". DEPONENT FURTHER
STATES THAT DEFENDANT CHENG WAS PRESENT AT SAID CLOSING AT WHICH SAID
PROPERTY WAS CONVEYED TO HER.

DEPONENT STATES THAT HE HAS REVIEWED RECORDS OF THE CITY REGISTER, WHICH
INDICATE THAT THE ABOVE DESCRIBED BARGAIN AND SALE DEED CONVEYING THE
PROPERTY LOCATED AT 45-14 158TH STREET, FROM SELLER MING CHIEN HSU TO
PURCHASER AMY CHENG, WAS FILED AND RECORDED IN THE OFFICE OF THE CITY
REGISTER OF THE CITY OF NEW YORK, COUNTY OF QUEENS, ON OR ABOUT JANUARY
10, 2001.

DEPONENT IS INFORMED BY THE COMPLAINANT THAT HE IS THE
OWNER OF THE ABOVE MENTIONED PROPERTY AND HE DID NOT GIVE THE DEFENDANT,
JING GAO, PERMISSION OR AUTHORITY TO SELL OR ENCUMBER THE ABOVE MENTIONED
PROPERTY.

DEPONENT IS FURTHER INFORMED BY THE COMPLAINANT THAT HE HAD NO KNOWLEDGE
OF THE ABOVE MENTIONED CONTRACT OF SALE FOR THE ABOVE MENTIONED PROPERTY,
NOR DID HE AUTHORIZE THE SALE OF THE ABOVE MENTIONED PROPERTY. DEPONENT

Defendant : WANG,JIN RONG                                    Page 3

IS FURTHER INFORMED THAT HE NEVER RETAINED OR AUTHORIZED ANYONE TO RETAIN
JEFFREY RUAN, ESQ.

DEPONENT IS INFORMED BY THE COMPLAINANT THAT HE NEVER RECEIVED $30,000
CONTRACT DEPOSIT OR ANY OTHER MONIES WHICH WERE SUPPOSED TO BE PAID AS
DOWNPAYMENT FOR THE SALE OF THE ABOVE MENTIONED PROPERTY.

DEPONENT IS INFORMED BY THE COMPLAINANT THAT HE WAS IN TAIWAN ON THE DATE
WHICH THE RESIDENTIAL CONTRACT OF SALE WAS SIGNED.

DEPONENT STATES THE BOTH DEFENDANTS  ADMITTED TO HIM THAT THEY RESIDE AT
THE SAME LOCATION AND THAT ON OR ABOUT FEBRUARY 2, 2005, HE OBSERVED BOTH
DEFENDANTS AT THE SAME PLACE OF BUSINESS.




                        FALSE STATEMENTS MADE IN THIS DOCUMENT ARE
                        PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT
                        TO SECTION 210.45 OF THE PENAL LAW




            12/02/05
            _____      _____
            DATE                  SIGNATURE:

            SWORN TO BEFORE ME ON THE
                        DAY OF



            _____      _____
            DATE                  SIGNATURE

# <u>Affidavit for Judge's  recusal</u>

**SUPREME COURT OF THE STATE OF NY**

COUNTY OF QUEENS

CENTEX HOME EQUITY

       Plaintiff      Index No. 31307/2001

  Against

             Hon Joseph G Golia

1. **Amy Cheng(Wang,Jin-Rong)**
2. People of The State of NY      Affidavit in
3. MING-CHIEN HSU        Support
4. SUN-MING SHEU
5. JING GAO
6. YEK-YUN CHIU   Defendants

Sun-Ming Sheu holding Ming-Chien Hsu's Power Attorney and Sun-Ming Sheu Sworn to say:

# US Code 28 § 455. Disqualification of justice, judge, or magistrate judge

## (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

## (b) He shall also disqualify himself in the following circumstances:

### (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

"The neutrality requirement helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law."

Marshall v.Jerrico Inc., 446 US 238, 242, 100 S.Ct. 1610, 64 L. Ed. 2d 182 (1980).

**The above is applicable to this court by application of Article VI of the United States Constitution and <u>Stone v Powell</u>, 428 US 465, 483 n. 35, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976).**

## <u>Disputed evidentiary facts\</u>

1      <u>The court's 3/15/2006 decision is nonsense,SMI Mortge is not Ming-Chien Hsu 's lender,Chase Bank of Texas is Ming-Chien Hsu's lender until today. IF the court does'nt believe NY City Register's official record of mortgage ,the court should order to void NY City Register's official record. or order SMI Mortgage to record "Satisfaction of Mortgage" to prove that Ming-Chien Hus has been "paid off". According to NY City Register's record Ming-Chien Hsu's mortgage with Chase Bank of Texas still "open" until today</u>

## <u>New York State,REAL PROPERTY Laws 1909, Chap. 52/9</u>
### <u>"RECORDING INSTRUMENTS AFFECTING REAL PROPERTY"</u>

Sec. 321.      Recording discharge of mortgage.

1.      The recording officer shall mark on the record of a mortgage the word "discharged" when there is presented to him a certificate or certificates signed as hereinafter provided and acknowledged or proved and certified in like manner as to entitle a conveyance to be recorded, specifying that the mortgage has been paid or otherwise satisfied and discharged.

<u>Konno v. County of Hawai`i</u>, 85 Hawai`i 61, 70, 937 P.2d 397, 406 (1997) (quoting <u>Dunlea v. Dappen</u>, 83 Hawai`i 28, 36, 924 P.2d 196, 204 (1996)) (brackets in original). "The evidence must be viewed in the light most favorable to the non-moving party." <u>State ex rel. Bronster v. Yoshina</u>, 84 Hawai`i 179, 186, 932 P.2d 316, 323 (1997) (citing <u>Maguire v. Hilton Hotels Corp.</u>, 79 Hawai`i 110, 112, 899 P.2d 393, 395 (1995)). In other

words, "we must view all of the evidence and the inferences drawn therefrom in the light most favorable to [the party opposing the motion]." Maguire, 79 Hawai`i at 112, 899 P.2d at 395 (citation omitted).

2. **A phony closing is a crime,whatever happened at the phony closing are illegal,all documents and transaction are void only. Any money that stolen from the bank involved in the phony closing is criminal money . Both Amy Cheng and Jing Gao had sentenced by Queens Criminal court.** Penal Code 218.50 Unlawful disposition of asset subject to forfeiture.

3.    5/23/2000 phony clsoing was a crime,there are no any kind "agreement" between Centex Home Equity and Ming-Chien Hsu at all.

An equitable lien "is dependent upon some agreement express or implied that there shall be a lien on specific property" ( *James v Alderton Dock Yards* , 256 NY 298, 303, rearg. denied 256 NY 681; *Di Niscia v Olsey* , 162 App Div 154).

The creation of a lien requires agreement or statute (see, *Baker v Sterling* , 39 NY2d 397 [lien created by statute]; *Matter of Griffin* , 110 AD2d 1054 [lien created by contract]; *Aetna Casualty and Surety Co. v Jackowe* , 96 AD2d 37 [lien created by statute]; see also, *Hospital Service Corp. of Rhode Island v Pennsylvania Insurance Co.* , 101 R.I. 708.

## The phony closing happened in 5/23/2000

## Evidence of Conspiracy

**Buyer's lawyer   Gavin Choi knew Wang,Jin Rong in 2/23/1999**
**(Amy Cheng in 10/26/1998)**

**Seller's lawyer   Jeffrey Ruan knew Wang,Jin-Rong in 1/29/1999**
**Bank's lawyer Yakov Bohensky knew Wang,Jin-Rong in 1/29/1999**

Wang,Jin-Rong and Jing Gao in the other transaction since 1/29/1999.

This evidence prove Yakov Bohensky represented the bank Centex Home Euqity in the closing for the "buyer" Wang,Jin-Rong .(not fake name Amy Cheng)

## 2   False Report to Dept. of housing and Urban Development.

US Code title 18 Chapter 47 § 1012. Department of Housing and Urban Development transactions Whoever, with intent to defraud, makes any false entry in any book of the Department of Housing and Urban Development or makes any false report or statement to or for such Department; Shall be fined under this title or imprisoned not more than one year, or both.

US Dept of Housing and Urban Devlpment "Settlement Statement" form That prepared by Bohensky ,he filed three false records.

1.The 5/23/2000 phony closing location was in Jeffrey Ruan's office in 2303 Broadway,NY,NY 10013,not in Bohensky's home office in 2115 Ave O,Brooklyn,NY 11210.

2.There are no any contract deposit$30,000.00 at all.

3. Item "805" Mortgage broker fee to Absolute Mortgage" never paid to Absolute Mortgage,but paid to Yueh Yen Lin Weng .or Citi Mortgage or somebodyelse.

## 3   Grand Larceny & Scheme to defraud

Bohensky knowing Amy Cheng a/k/a is a fake identity,still paid the bank's money to the following 3rd parties that was not related to Ming-Chien Hsu or Sun-Ming

Sheu.

1.  Hau Jie Qiao(Amy Cheng a/k/a Wang,Jing-Rong's husband)

2.  Yueh-Yen Lin Weng $10,000.00

3.  Citi Mortgage $10,125.00

4.  Midwest Financial $264,001.36

5. Jeffrey Ruan $1,000.00

5.  WRE Abstract as agent for Old Republic Title Insurance $16,912.00

4.   **False Bank entry,report,statement**

US Code Title 18 Chapter 47

Bohensky wrote a check #2850$4,112.60 to Ming-Chien Hsu,but Ming-Chine Hsu never got it or cashe it,he kept the money for himself,then file false report,bank statement to the bank.

## 5   Misrepsentation ,false pretenseto about the crime

**False representations of material past or present facts, known by Bohensky to be false, made with the intent to defraud the victim into passing title in property to the fake identity.**

**Bohensky promised to file criminal complaint against Amy Cheng,Jing Goa,Yek-Yun Chiu   and filed report to Centex Home Euqity about the crime to stop recorded the deed to Amy Cheng,but he never done it at all.**

## 6. False entry in bank ,report ,statement
**US code Title 18 Chapter 47**

Bohensky filed report to the bank about this phony closing was legally conducted,misleading Centex Home Equity to "default" Amy Cheng on first payment..

## 7 Fraudulent Conveyance of Property

After got NYPD Incident Report ,after promised to file criminal complaint to NYPD and Centex Home Equity HQ    still recorded Ming-Chien Hsu's deed to the fake identity Amy Cheng. In 1/102001.

## Personal bias about NY State law and crime victim

:

Pursuant to NY Executive Law 642(3),we request to get the stolen property back.

According to NY State"Crime Victim's Bill of Right" and NY Penal Code 60.27,we request to "Restitution restores the victim to the financial position he was at before the crime was committed".

NY Penal code S 60.27 Restitution and reparation.

1. In addition to any of the dispositions authorized by this article, the court shall consider restitution or reparation to the victim of the Crime and may require restitution or reparation as part of the sentence imposed upon a person convicted of an offense, and after providing the district attorney with an opportunity to be heard in accordance with the provisions of this subdivision, require the defendant to make restitution of the fruits of his or her offense or reparation for the actual out-of-pocket loss caused thereby and, in the case of a violation of section 190.78, 190.79, 190.80, 190.82 or 190.83 of this chapter, any costs or losses incurred due to any adverse action taken against the victim.

Nobody is above the law,the court No Authority to **Double** victimize the crime victim and adding double debt to the victim

All **Disputed evidentiary facts\has been submitted again** and again.but the court refusal to acknowledge the overwhelming evidence and applicable law.

**It sets forth the origins of the Court's bias: an extrajudicial episode and prior association. U.S. v. Zagaire, 419 F. Supp. 494 (No. Dist. Cal. 1976), and documents with particularity the manifestation of bias as reflected in the current proceeding.**

The recusal motion has been filed "at the earliest possible moment after obtaining the facts demonstrating a basis for recusal." See U.S. v. Occhipinti, 851 F. Supp. 523, 567 (So. Dist., NY 1993).

**As such, and for purposes of Section 144 of Title 28, the allegations of a certified affidavit must be accepted by the Court as true, and the Court must act in accordance with the mandate of ¤ 144 and recuse itself. U.S. v. Sykes, 7 F. 3d 1331 (7th Cir. 1993).**

We request this court to recuse itself again.

_____   Sun-ang Sheu
Ming-Chien Hsu      uttering in fact,

Sworn to before me this
/3 day of April  2006

_____
Notary Public

_____   USACC# 870-135-32?
Sun-Ming Sheu

If Mr. Sun-Ming Sheu has personally appeared in fact of me and Affixed his