MEMORANDUM
SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF QUEENS
IA PART 21
JOSEPH G. GOLIA, JUSTICE

| | | |
|---|---|---|
| CENTEX HOME EQUITY, | Decided: | September 15, 2005 |
| Plaintiffs, | Index Number: | 31307/01 |
| -against- | | |
| AMY CHENG, et al., | | |
| Defendants. | | |

This case presents a unique set of circumstances in which neither Law or Equity provide a truly fair or satisfactory result. In order to fully appreciate the underlying circumstances, it is necessary to give a brief history of that which brings us to this point.

Ms. Cheng is the present record owner of the subject residence as the result of acquiring title to the property from Mr. Hsu. It is this transaction that is at issue here based upon various claims that it was presented as a scheme to defraud.

Mr. Hsu was the last owner of record in which there is no issue raised as to his legitimacy of title. He presently, and at all other relevant times, continually lived and resided in Taiwan and never resided in the subject premises. He is also the brother of Mr. Sheu. Mr. Sheu physically resides in the subject premises, and indeed has been residing in these premises continuously since 1992 when it was purchased by a corporation named Rainbow USA Corp. of which he was the primary, if not sole, shareholder. Title to the property was thereafter

1

transferred from Rainbow Corp. To Mr. Sheu, personally in 1994.

On February 17, 1998, Mr. Sheu became a judgment debtor in Nassau County as the result of a default judgment being entered against him in the sum of $262,776 ( See <u>Edro International Trading Ltd. V Mascotte International Corp., etc. and Sunny Sheu a/k/a Sun Ming Sheu</u> Ind. #31608/97). Eight days later on February 25, 1998, Mr. Sheu transferred title to his finance Ms. Zheng. Consequently when the judgment creditor "Edro" docketed the Nassau County judgment in Queens County in June of 1999, the property at issue was no longer "titled" in the name of Mr. Sheu. The question of whether or not this was a fraudulent conveyance is not an issue before this Court, and I therefore do not address it except to explain the history of the residence in detail.

However, it should be noted that Mr. Sheu remained in residence at the premises and when Ms. Zheng obtained a mortgage on April 1, 1998 through Abacus Federal Savings Bank in the amount of $195,000, the majority, if not all, of the proceeds of that loan was received by Mr. Sheu.

Neither Ms. Zheng nor Mr. Sheu kept that mortgage current, and Abacus commenced foreclosure proceedings on or about January 4, 1999. Two months after that foreclosure action was commenced, the property was conveyed by Ms. Zheng (Mr. Sheu's finance) to Mr. Hsu (Mr. Sheu's brother who lives in Taiwan.)

2

Prior to this actual conveyance of the property, but subsequent to the commencement of the Abacus foreclosure action, Mr. Hsu appointed Mr. Gao to be his attorney-in-fact. This appointment was memorialized in the Power of Attorney document that was signed by Mr. Hsu. It should be noted that nobody disputes that Mr. Hsu signed such document and knowingly appointed Mr. Gao to act as his attorney-in-fact for the purpose of obtaining a mortgage and obtaining ownership to the subject premises.

A purchase money mortgage was obtained on behalf of Mr. Hsu in the amount of $228,750 from SMI Mortgage and was used to satisfy the outstanding mortgage held by Abacus and not paid by Ms. Zheng. Despite the fact that the property was now owned by Mr. Hsu, his brother Mr. Sheu still remained in residence and neither Mr. Sheu (the actual resident) nor Mr. Hsu (the absent owner/brother of Mr. Sheu) made a single payment to SMI Mortgage company as required.

As the result of not receiving a single payment from its mortgagor Mr. Hsu, or for that matter the occupant Mr. Sheu, the assignee of the SMI mortgage, Chase Bank of Texas, commenced a foreclosure action as against Mr. Hsu and the premises in question.

It was during the pendency of this foreclosure action that the property was once again transferred. This transfer involved obtaining a purchase money mortgage from Centex Home Equity on behalf of Ms. Cheng. Some of the proceeds of this mortgage were used to pay off the SMI mortgage owed by Mr. Hsu which was in default. Indeed Mr. Hsu was given

documents evidencing the pay-off and satisfaction of the mortgage which he never paid.

Mr. Sheu, on behalf of his brother Mr. Hsu, claimed that this latest transaction was accomplished by means of a "forged" Power of Attorney without the knowledge or consent of Mr. Hsu.

It is this issue of whether or not the Power of Attorney was a "forged" document created without the consent or knowledge of Mr. Hsu and the legal effect of same that necessitated a hearing. That hearing was commenced on May 18, 2005 and testimony concluded on May 19, 2005. The moving party, Mr. Hsu and his brother, Mr. Sheu both testified in support of the defendant's position that the present Power of Attorney was a "forged" document and that Mr. Hsu did not give anybody any authority to sell the subject property. At the conclusion of the hearing, the parties requested time to file post-trial memorandums. Those memorandums were received by this Court on July 15, 2005.

The plaintiff offered the testimony of Mr. Brian Boles, who is the plaintiff's vice president of loan servicing, and a Mr. Mark Sullivan, Esq., who was engaged to prosecute the foreclosure proceeding.

At the conclusion of the hearing and upon all the testimony adduced, the exhibits, oral argument and trial memorandum, I find that, with the exception of the transaction at issue (Hsu to Cheng), all previous transactions concerning the property were orchestrated by and

done at the bequest of Mr. Sheu, and that Mr. Sheu, for all practical purposes, maintained control of the property and received the benefit of any monies generated by the mortgage loans.

As to the present transaction ( Mr. Hsu to Ms. Cheng), I find that the alleged attorney-in-fact (Mr. Gao) operated pursuant to a false and fraudulent Power of Attorney and did so with knowledge that he was acting without the authority of Mr. Hsu. In addition, Ms. Cheng knowingly and falsely presented herself as a purchaser for value with the sole intent to divert the proceeds of the purchase money mortgage away from Mr. Hsu who was the record owner of the property. Parenthetically, I note that both Ms. Cheng and Mr. Gao have been arrested and charged in the Criminal Court in the County of Queens as the result of these activities. I further note that both Mr. Gao and Ms. Cheng disposed of their matters by a conviction and sentence.

Nevertheless, the effect of this transaction was to "pay-off" and satisfy the existing mortgage for which Mr. Hsu was legally obligated and responsible, and for which he had failed to make a single payment. In addition, inasmuch as that mortgage was the subject of a foreclosure proceeding, Mr. Hsu was also relieved of his position as a defendant in that proceeding.

The net result of all of these transactions, lawful and unlawful, is that Mr. Sheu has continuously resided in the subject premises since June 1992 and has done so without making

any payments for a mortgage or for taxes and other related charges since February 1998. He also obtained the proceeds from a $195,000 mortgage taken by his then fiancee and was apparently shielded from having to satisfy a personal judgment in the sum of $262,776. Further, although his brother Mr. Hsu has "lost" ownership of the subject property, neither brother had ever expended any money to obtain ownership; had never made a single payment on any mortgage; and are now relieved of having to make any payment.

Clearly, this convoluted stream of transactions reveals that only two entities were harmed. One being the Edro Corporation which missed the opportunity to file their judgment against the property as an asset of Mr Sheu. The other is the plaintiff herein, Centex Home Equity which paid out the sum of $337,500 as a purchase money mortgage and has continued to pay for taxes, insurance and charges for the property.

Indeed it is the singular obligation of this Court to Order a balance of the equities and remain in conformity with the law.

As stated earlier, I find that the transfer of title from Mr. Hsu to Ms. Cheng was predicated upon a forged document and was effectuated without the knowledge or consent of Mr. Hsu. Therefore, I find that this transaction was void and that title shall revert back to Mr. Hsu.

However, it should not be forgotten that the plaintiff Centex Home Equity has relieved

Mr. Hsu of his obligation to pay his mortgage due to SMI and has continually paid the taxes and charges for the property and maintained necessary insurance to protect the property.

In fashioning an appropriate remedy, I turn to the doctrine of Equitable Subrogation as first advanced by the Court of Appeals in the matter of <u>King v Pelkofski</u> (20NY2d 326).

The Court of Appeals stated the principle of Equitable Subrogation applies:

> "...to situations...where the funds of a mortgagee are used to satisfy the lien of an existing known incumbrance...In order to avoid the unjust enrichment...the mortgagee is entitled to be subrogated to the rights of the senior incumbrance...
> 
> (<u>King v Pelkofski</u> Supra at 758)

In the case at bar, a major portion of the proceeds of the subject mortgage was "used to satisfy the lien of an existing known incumbrance". Specifically, the then existing mortgage between Mr. Hsu and SMI which was in foreclosure.

I further find that judgment is to be entered in favor of the plaintiff Centex Home Equity as against defendant Ming Chien Hsu for the cost of satisfying the SMI mortgage plus interest and necessary costs for taxes, water bills, hazard insurance and charges actually paid.

I further direct that plaintiff shall file and record with the County Clerk's Office and

the City Register Office a copy of this decision and the judgment to be entered therein. It is the intent that the judgment contemplated by this decision shall become a lien on the property.

Equity demands that either Mr. Hsu or the subject property shall be available to satisfy this judgment.

Settle Order on notice.

_____<br>J.S.C.