# MEMORANDUM

### SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF QUEENS
### IA PART 21
### JOSEPH G. GOLIA, JUSTICE

| | |
|---|---|
| **CENTEX HOME EQUITY,** | Decided: March 15, 2006 |
| Plaintiff, | Index Number: 31307/01 |
| -against- | Motion Date: December 21, 2005 |
| **AMY CHENG, et al.,** | Motion Cal. Number: 1 |
| Defendants. | |

Defendant Sun-Ming Sheu, appearing pro se and as attorney in fact for defendant Ming-Chien Hsu, moves to "return" the "stolen" property to defendant Ming-Chien Hsu, reinstate the "jeoparized" [sic] mortgage contract, and "return" the "stolen money" to plaintiff from "Midwest Financial." Plaintiff cross-moves for leave to reargue the memorandum decision of the court dated September 15, 2005, and upon reargument, to grant plaintiff a judgment of foreclosure and sale foreclosing the equitable mortgage held by plaintiff.

At the outset, the court assumes, for the purpose of the motion only, that defendant Sun-Ming Sheu has the requisite authority to submit the motion on behalf of defendant Ming-Chien Hsu. In addition, to the extent defendants Sun-Ming Sheu and Ming-Chien Hsu seek this court to recuse itself from presiding over this action, that branch of his motion is denied.

That branch of the motion by defendant Ming-Chien Hsu seeking reinstatement of the prior SMI mortgage is denied. The SMI mortgage has been satisfied out of a portion of the proceeds of the Centex mortgage loan, and defendants Sun-Ming Sheu and Ming-Chien Hsu have

cited no statute or case law which authorizes the reinstatement of the SMI mortgage under these circumstances. In addition, the court previously determined that defendant Ming-Chien Hsu was in default under the terms of the SMI mortgage at the time it was satisfied, and defendants Sun-Ming Sheu and Ming-Chien Hsu have failed to establish that defendant Ming-Chien Hsu is entitled, under the terms of the SMI mortgage, to force a discontinuance and obtain a reinstatement of the SMI mortgage notwithstanding such default.

That branch of the motion by defendants Sun-Ming Sheu and Ming-Chien Hsu which seeks a judgment declaring that title to the subject premises is vested in defendant Hsu is denied as moot. The court has already determined, by virtue of its memorandum decision dated September 15, 2005, that the alleged transaction between defendants Ming-Chien Hsu and Amy Cheng is void and that title shall revert back to defendant Ming-Chien Hsu (see Marden v Dorthy, 160 NY 39 [1899]; Filowick v Long, 201 AD2d 893 [1994]). A declaration in accordance with such determination shall be included in any final judgment to be entered in this case.

That branch of the cross motion by plaintiff seeking leave to reargue the prior motion is granted. Plaintiff previously sought a judgment of foreclosure and sale against defendants, and defendants Sun-Ming Sheu and Ming-Chien Hsu moved to stay entry of a judgment of foreclosure and sale on the ground the Centex mortgage was an encumbrance through a fraudulent deed, in that one "Jing Gao" utilized a power of attorney from defendant Ming-Chien Hsu without defendant Ming-Chien Hsu's authority, to cause the Queens property to be conveyed to defendant Amy Cheng. A hearing was held on the issues of the alleged false and fraudulent power of attorney and plaintiff's entitlement to equitable subrogation.

Following the hearing, the court issued its memorandum decision dated September 15, 2005, in which it determined that the transfer of title from defendant Ming-Chien Hsu

2

to defendant Amy Cheng was predicated upon a forged document and was effectuated without the knowledge or consent of defendant Ming-Chien Hsu. Because the Centex mortgage from defendant Cheng is rendered void (see Marden v Dorthy, 160 NY 39, [1899]; Filowick v Long, 201 AD2d 893 [1994]), the court reached the issue of whether plaintiff was entitled to equitable subrogation. The court determined that plaintiff satisfied the SMI mortgage out of the proceeds of its mortgage, and plaintiff has a valid equitable mortgage lien, under the doctrine of equitable subrogation. The court further determined that defendant Ming-Chien Hsu defaulted under the SMI mortgage prior to its being satisfied.

The court directed that judgment be entered in favor of plaintiff as against defendant Ming-Chien Hsu in an amount equal to the amount paid by plaintiff in satisfying the SMI mortgage, plus interest, and for taxes, water bills, hazard insurance and charges. The court also directed that a copy of the memorandum decision, and judgment to be entered thereon, be filed and recorded with the County Clerk's office. The court indicated the judgment should become a lien on the property, and satisfaction of such judgment be made out of defendant Ming-Chien Hsu's personal assets or the subject property.

The court, however, misapprehended that a money judgment obtained herein against defendant Ming-Chien Hsu could be enforceable as against the mortgaged premises (see CPLR 5236[b]), and therefore, did not grant summary judgment on the issue of liability with respect to plaintiff's second cause of action seeking foreclosure of its equitable mortgage lien under the doctrine of equitable subrogation (CPLR 2221). A mortgagor has the right of redemption, not applicable in the enforcement of an ordinary money judgment under Article 52. Thus, upon reargument, the portion of the memorandum decision, in effect, denying plaintiff summary judgment based upon the second cause of action is deleted, and the court substitutes a determination that

3

plaintiff is entitled to summary judgment on plaintiff's claim for foreclosure of the equitable mortgage lien created when plaintiff satisfied the SMI mortgage and made payments of other advances related to the subject premises (see Great Eastern Bank v Chang, 227 AD2d 589, lv dismissed 88 NY2d 1064 [1996]; Federal Natl Mtge. Assn. v Woodbury, 254 AD2d 182 [1998]).

The prior order appointing a referee to ascertain and compute the sums due and owing plaintiff, and to examine and report whether the mortgaged premises should be sold in one parcel, was issued before the court made its finding relative to the invalidity of the Centex mortgage. It is appropriate, therefore, that a new order of reference be given so that a referee may be appointed to update the information in the prior report filed on July 21, 2004, and to ascertain whether there have been any other payments made by plaintiff relative to the property. Accordingly, that branch of the cross motion seeking a judgment of foreclosure and sale based upon plaintiff's equitable mortgage lien is granted only to the extent of granting plaintiff summary judgment against defendant Ming-Chien Hsu on its second cause of action and appointing a Referee to ascertain and compute the sums due and owing plaintiff. The court notes that in addition to the amount paid to satisfy the SMI mortgage, interest should be included in the calculation of the amount due to plaintiff on its equitable mortgage, and well as reasonable attorneys' fees, late charges and escrow advances (see King v Pelkofski, 20 NY2d 326, 335 [1967]; Wagner v Maenza, 223 AD2d 640 [1996]; Whitestone Sav. & Loan Assn. v Moring, 286 App Div 1042, 1043 [1955]).

**Settle order.**

_____
J.S.C.