FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ AUG 0 7 2006 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

-------------------------------------------------------------------x

SUN-MING SHEU & MING-CHIEN HSU,

                    Plaintiffs,

          -against-

THE STATE of NEW YORK;
THE HONORABLE JONATHAN LIPPMAN,
Justice of New York State Unified Court,
Chief Administration Judge, in his official capacity;
THE HONORABLE JOSEPH G. GOLIA,
Justice of the Supreme Court of the State of New York,
Queens County, individually and in his official capacity,

                    Defendants.

-------------------------------------------------------------------x

**MEMORANDUM AND ORDER**

06-CV-2158 (ARR)

ROSS, United States District Judge:

      Plaintiffs Sun-Ming Sheu and Ming-Chien Hsu bring this *pro se* action pursuant to 42 U.S.C. §1981 ("§1981") and name the State of New York and Justices Jonathan Lippman and Joseph G. Golia as defendants. Plaintiffs have paid the requisite filing fee to commence this action. For the reasons set forth below, the Complaint is dismissed.[1]

## BACKGROUND

      The allegations set forth in Plaintiffs' Complaint arose out of a foreclosure action in the Supreme Court of the State of New York, Queens County, against premises located at 45-14 158th Street in Flushing, New York. (Complaint ["Compl."] at ¶6; Plaintiff's Exhibit B, Affidavit for Judge's Recusal.) According to Plaintiffs, they sought to refinance the property in

---

[1] While this Court was considering *sua sponte* dismissal of this action, Defendants moved to dismiss the Complaint, Plaintiffs moved for default judgment, and Plaintiffs filed their Opposition to Defendants' Motion to Dismiss. The Court has already denied Plaintiffs' Default Motion, by Order dated June 20, 2006. In dismissing this case for lack of subject matter jurisdiction, this Court does so on its own motion and not in response to Defendants' Motion to Dismiss. The Court notes that Defendants' Motion and attached State Court Decisions suggest greater complexity in the underlying foreclosure action which presents Plaintiffs in a different light than as the hapless victims suggested in their Complaint. However, these state court findings are irrelevant to this Court's Dismissal, which is based solely on the facts stated in Plaintiffs' Complaint.

1999, but fell victim to a mortgage fraud scheme by which title to the property was fraudulently conveyed away from them at a phony closing on May 23, 2000. (Compl. ¶6.)  It appears that the mortgage was defaulted.  Thereafter, the lender bank brought suit against Plaintiffs on January 9, 2001, and the case was assigned to Defendant Justice Joseph G. Golia.  (Id. ¶8.)  Justice Golia entered judgment against Plaintiffs on July 24, 2004.  (Id. ¶9.)

Plaintiffs allege that Justice Golia was biased against them because of racial animus. Following the unfavorable outcome of the foreclosure action, they demanded a jury trial and, on December 30, 2004, requested that Justice Golia recuse himself.  (Id. ¶10.)  Justice Golia denied their recusal motion on March 23, 2005.  Plaintiffs' submitted complaints against him to Defendant Justice Jonathan Lippman and other officials on March 26, 2005.  (Id.)  Plaintiffs allege that thereafter Justice Golia falsified court records in order to cover up his own wrongdoing (Id. ¶11.)

Plaintiffs further allege that Justice Lippman conducted an investigation into their complaints, and that court security officers indicated that Plaintiffs would be granted a hearing and then warned them not to file another complaint.  (Id. ¶12.)

Plaintiffs allege that after they filed this administrative complaint, Justice Golia became more hostile and began to "intimidate, harass and punish Plaintiffs."  (Id. ¶14.)  Plaintiffs allege that after a subsequent hearing, Justice Golia ordered an "equitable mortgage" against Plaintiffs that added to their debts.  (Id. ¶15.)  Plaintiffs filed additional recusal motions on April 3, 2006 and April 13, 2006.  (Id. ¶23.)

In this federal civil action, Plaintiffs cite provisions of the United States Code referring to recusal and disqualification of federal judges, 28 U.S.C. §§ 144 & 455, and right to trial by jury,

28 U.S.C. Rule 38 (Id. ¶¶23-26); and to New York State laws protecting crime victims, Executive Law 642(3), Penal Law 60.27, and Penal Code 218.50 (Id. ¶¶27, 30), the New York State Constitution (Id. ¶28), and New York State Real Property Law, Chapter 52/9 (Id. ¶29). They seek injunctive relief from this court enjoining enforcement of the judgment entered against them in the State foreclosure proceedings, restoring their foreclosure action to the New York State court, directing Justice Golia to recuse himself, and directing Justice Lippman to assign a new judge to their case.

## DISCUSSION

### A.  Standard of Review

In reviewing Plaintiffs' complaint, the Court is mindful that because Plaintiffs are proceeding *pro se*, their submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980).  Furthermore, the pleadings must be read liberally and interpreted as raising the strongest arguments they suggest. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).  "The failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim.  Factual allegations alone are what matters." Northrop v. Hoffman of Simsbury, Inc., 134 F.3d 41, 46 (2d Cir. 1997) (quoting Albert v. Carovano, 851 F.2d 561, 571 n.3 (2d Cir. 1988) (*en banc*).  If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

"It is axiomatic that federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction.  Unlike failure of personal jurisdiction,

3

failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or

by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed."

Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000) (citing

Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986); United Food & Commercial

Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir.

1994)). Accordingly, "before deciding any case we are required to assure ourselves that the case

is properly within our subject matter jurisdiction." Wynn v. AC Rochester, 273 F.3d 153, 157

(2d Cir. 2001) (citations omitted).

Federal subject matter jurisdiction is available only when a "federal question" is

presented, or when plaintiffs and defendants are of diverse citizenship and the amount in

controversy exceeds $75,000. To invoke federal question jurisdiction, the plaintiff's claim(s)

must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"Federal question jurisdiction may be properly invoked only if the plaintiff's complaint

necessarily draws into question the interpretation or application of federal law." State of New

York v. White, 528 F.2d 336, 338 (2d Cir. 1995).

B.  No Federal Court Jurisdiction Over State Court Proceedings

Under the Rooker-Feldman doctrine, United States District Courts lack subject matter

jurisdiction over challenges to judgments of a state court in judicial proceedings, except for

constitutional challenges and reviews pursuant to an application for a writ of habeas corpus. This

principle, named after two United States Supreme Court cases, Rooker v. Fid. Trust Co., 263

U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983),

precludes a district court from hearing "cases brought by state-court losers complaining of

4

injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The Rooker-Feldman doctrine thus applies where four requirements are met: the federal-court plaintiff (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered. Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005).

In the instant case, all four requirements have been met and, therefore, this court lacks jurisdiction over Plaintiffs' claims. First, Plaintiffs lost in foreclosure proceedings conducted by Justice Golia in New York State Supreme Court. Second, Plaintiffs complain of the resulting foreclosure of their property, Justice Golia's decision not to recuse himself, and Justice Lippman's inadequate response to their complaints about Justice Golia. Third, Plaintiffs specifically are asking this court to review and overturn the judgments previously entered by Justice Golia and the administrative actions taken by Justice Lippman. Fourth, the state-court judgment was rendered in 2005, well before the instant action was commenced. Given that Plaintiffs are clearly complaining about injuries caused by a state-court judgment and that the circumstances satisfy the four requirements of the Rooker-Feldman doctrine, the Court concludes that it lacks subject matter jurisdiction over these claims and they must be dismissed.

C. Judicial Immunity

Moreover, Plaintiffs' claims against Justice Golia must be dismissed because he is immune from suit. It is well-settled that judges have absolute immunity from suit for judicial

5

acts performed in their judicial capacities. Mireles v. Waco, 502 U.S. 9, 11 (1991); Forrester v.

White, 484 U.S. 219, 225 (1988). The absolute judicial immunity of the court and its members

"is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of

immunity because the action he took was in error . . . or was in excess of his authority." Mireles,

502 U.S. at 11, 13 (quotations and citations omitted).  This immunity may be overcome only if

the court is alleged to have taken nonjudicial actions or if the judicial actions taken were "in the

complete absence of all jurisdiction." Id., at 11-12.  Here, Plaintiffs' allegations against Justice

Golia arise out of his decisions in the foreclosure action, clearly judicial acts performed within

his judicial capacity.[2]

    In the present case, Plaintiffs seeks injunctive relief rather than money damages.  In

Pulliam v. Allen, 466 U.S. 522, 541-42 (1984), the Supreme Court had permitted claims for

prospective injunctive relief pursuant to 42 U.S.C. § 1983 to proceed against judicial officers

acting in their official capacities.  However, this ruling was superceded by statute on October 19,

1996, when Congress enacted the Federal Courts Improvement Act of 1996 ("F.C.I.A.").  The

F.C.I.A. amended 42 U.S.C. § 1983 to state that ". . . in any action brought against a judicial

officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not

be granted unless a declaratory decree was violated or declaratory relief was unavailable."

Federal Courts Improvement Act of 1996, § 309(c), Pub.L. No. 104-317, 110 Stat. 3847, 3853

(1996) (amending 42 U.S.C. § 1983); see e.g., Huminski v. Corsones, 396 F.3d 53, 74 (2d

Cir.2005).  Plaintiff has not alleged that a declaratory decree was violated or that declaratory

_____

[2] Plaintiffs allege that Justice Golia falsified court records in order to "cover up his wrongdoing." (Compl.
¶11.) This Court finds that Plaintiff's vague and conclusory allegations do not strip Justice Golia of immunity.

relief was unavailable in state court. To the extent that Plaintiffs' claims could be construed as

an action under 42 U.S.C. § 1983, the F.C.I.A. amendments to § 1983 would bar Plaintiffs'

possible claims for injunctive relief.

## CONCLUSION

For the reasons stated above, Plaintiffs' Complaint is dismissed as the Court lacks subject

matter jurisdiction over this matter. Fed. R. Civ. P. 12(h)(3). The Clerk of Court shall close this

case and enter judgment. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal

from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied

for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
~~July~~
August 3, , 2006

ALLYNE R. ROSS
United States District Judge